1    JS-6

2

3

4    cc Superior Court County of Los Angeles

5        North Central, Burbank Case No. EC 048566

6        with docket and remand letter

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ERNESTO REY MARGUISA, et al.,      )   NO. CV 09-00238 SJO (AGRx)
                                        )
12                     Plaintiffs,      )
                                        )
13           v.                         )   **ORDER REMANDING ACTION TO STATE**
                                        )   **COURT**
14   COUNTRYWIDE HOME LOANS, INC. et    )   [Docket No. 1]
15   al.,                               )
                                        )
16                     Defendants.      )
17   ─────────────────────────────────  )

18        This matter is before the Court on Defendants Countrywide Home Loans Inc. and Mortgage

19   Electronic Registration Systems, Inc.'s (collectively "Defendants") Notice of Removal, filed

20   January 12, 2009.  Because of the following reasons, the action is REMANDED.

21   I.    BACKGROUND

22        Plaintiffs Ernesto and Marguerita Marguisa filed suit in Los Angeles Superior Court on

23   December 10, 2008 and served Defendants with a Summons and a copy of the Complaint on

24   December 11, 2008.  Defendants removed the action to this Court on January 12, 2009.

25   II.   DISCUSSION

26        In considering whether removal is proper, the Court is informed by two basic principles.

27   First, the party seeking removal has the burden of establishing federal jurisdiction.  *Westinghouse*

28   *Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993).  Second, statutes

authorizing removal are to be strictly construed, with all doubts resolved against removal and in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).  This presumption against removal is consistent with the notion that federal courts are courts of limited jurisdiction, possessing "only that power authorized by the Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

28 U.S.C. § 1446(b) states that a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  The 30 day requirement is strictly construed.  *See, e.g., Chaudry v. Resolution Trust Corp.*, No. 92-56482, 1994 U.S. App. LEXIS 11101, at *3 (9th Cir. 1994) (noting that "the time limit for removal is mandatory") *Anderson v. Bank of Am., N.A.*, No. 06-1120, 2006 U.S. Dist. LEXIS 20098, at *7 (N.D. Cal. Apr. 5, 2006) (explaining that a removing defendant must comply with the "strict deadlines" in the removal statute); *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1467 (C.D. Cal. 1989) (stating that "section 1446(b) of the removal statute sets out a stringent time frame").

Here, Defendants were served on December 11, 2008 and removed on January 12, 2008, after the 30 day period for removal had passed.  Accordingly, Defendants were not timely in their removal, and this matter is hereby REMANDED to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.

January 26, 2009                                                    /S/ S. James Otero

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE